In the Matter of WILLIAM FRIEDMAN, an Attorney, Respondent. BROOKLYN BAR ASSOCIATION, Petitioner.

Second Department, February 2, 1970.

*Seymour Rayner* for petitioner.

*William Friedman,* respondent in person.

*Per Curiam.* The petitioner has moved for action by this court upon the report of the Referee to whom this proceeding was referred. The petition, as amended, set forth five charges of professional misconduct against the respondent. The report concludes that all five charges were sustained.

Four of the charges were based on complaints by clients of the respondent, made to the petitioner, and the fifth charge was based on the respondent's failure to co-operate with the petitioner in its investigation of two of the complaints made to it.

The first charge is that the respondent, while acting as the attorney for a decedent's estate, of which he had qualified as the sole executor, (a) failed to account, although directed to do so by an order of the Surrogate, who subsequently adjudged him in contempt of court, removed him as executor, and directed him to account within 30 days, which the respondent failed to do; (b) converted to his own use about $3,860 of the estate's assets; and (c) prepared and delivered to a named distributee an executor's deed conveying to her the estate's real property for which, without the Surrogate's permission, he charged and was paid by the distributee a fee of $50.

In the second charge it was alleged that after the respondent had been retained to prosecute for the complainant a workmen's compensation claim and a third-party negligence action, he failed to prosecute those causes and to respond to the complainant's efforts to communicate with him, to terminate the retainer and to obtain the return of the files.

The third charge was that with respect to the foregoing complaints the respondent failed to attend hearings scheduled by the petitioner on several dates and failed to properly and fully co-operate with the petitioner in its proper and lawful procedure and function.

The fourth charge alleged that as executor for another decedent's estate the respondent mismanaged its affairs in that he (a) failed to sell certain real property although 12 years had passed; (b) failed to increase the rents on said property; and (c) failed to pay the sole residuary legatee about $11,566 and, instead, converted the same to his own use. The petition further alleged that the Surrogate removed the respondent as executor "for waste and improper application of the assets of the estate."

The fifth charge is that the respondent, although retained to

transfer title to certain real property, for which he received a fee in advance, failed to effectuate such transfer and, despite his clients' demands, failed to return their money.

The Referee found that all the charges were supported by the evidence and, in our opinion, all the charges were fully sustained by the proofs.

The charges as sustained against the respondent constitute serious professional misconduct. His behavior demonstrates a pattern of consistent misconduct and, in our opinion, he is unfit to be a member of the Bar.

The petitioner's motion should be granted; and the Referee's report confirmed. The respondent is adjudged guilty of serious professional misconduct and he should be disbarred from the further practice of law and his name removed from the roll of attorneys and counselors at law, effective forthwith.

BELDOCK, P. J., CHRIST, BRENNAN, RABIN and HOPKINS, JJ., concur.

Motion granted; and the Referee's report is confirmed. Respondent is adjudged guilty of serious professional misconduct; and he is disbarred and his name is ordered removed from the roll of attorneys and counselors at law, effective forthwith.